DANIEL BUDD et al. *vs.* ZACHARIAH LUCKY et al.

1. A contract was made for the erection of a building, except the foundation, and provided that, for the consideration therein named, the builder was to erect and finish the building according to the plans and specifications thereto annexed, and was to put in the gable ends double the amount of braces mentioned in the plan, for which he was to receive extra compensation to the amount of the worth or cost and was to do all the work and furnish all the materials named in the specifications: *held*, that as it appeared by the contract that the builder was bound to furnish all materials and do all the work (except the foundation), it was not necessary to file the specifications with the contract in the clerk's office.

2. Whether the foundation was finished at the time the contract was executed, or was made afterwards, did not change the liability of the owners as to the work and labor for the other parts of the building.

---

In error to the Morris Circuit.

Argued before Justices HAINES and VAN DYKE.

*Vanatta*, for plaintiffs in error.

*Little*, for defendants.

HAINES, J.   The plaintiffs in error, who were plaintiffs below, brought their action against Lucky, as builder, and the other defendants, as owners of a certain church edi-fice and its curtilage, to recover the amount of a bill for materials furnished by the plaintiffs to the builder, and which, by virtue of a lien claim filed, they seek to charge upon the property.

In the third plea to the declaration, the defendants, who are sued as owners, aver that the lands and building described in the declaration are not liable because they and the builder had entered into a contract for the erection of the building, except the foundation, by which the said builder agreed, for the consideration therein mentioned, to erect and finish the said building according to the plans and specification thereto annexed, and to put in the gable ends double the amount of braces mentioned in the plans, for which he was to receive extra compensation to the amount of the worth or cost, and to do all the work and furnish all the materials named in the specifi cations.   And it is averred that the said contract was duly filed in the office of the clerk of the county in which the building was erected before any of the materials mentioned in the plaintiffs' bill and claim of lien were furnished to the builder; but there is no averment that the plans and specifications were filed.

On demurrer to this plea, judgment was rendered for the defendants, and to reverse that judgment the writ of error is brought.

It has been heretofore held by this court that the filing of the contract was in the nature of a notice to material men and laborers that the builder alone is liable for the labor done and materials furnished for the building, and that it is sufficient to file the contract without the plans and specifications unless it were necessary to refer to them to know what part of the materials were to be furnished or what part of the work to be done by the builder

In *Ayers* v. *Revere*, 1 *Dutcher*, 479, Green, C. J., says—

2 s*

one design of requiring the contract to be filed must have been to apprize all mechanics and material men to what extent the building was exempt from liens, and how far they must look to the responsibility of the builder alone for their remuneration. If the contract simply state that the builder is to do such a part, and to furnish such a portion of the materials as are contained in the specification, it is obvious that the contract, independent of the specifications, fails to furnish the very information contemplated by the statute. In such case the specifications become an essential part of the contract, not only as between the owner and builder, but also as between the owner and the mechanics and material men who may have liens upon the building.

In *Babbit* v. *Condon*, 3 *Dutcher* 154, the same principle is recognised, and it was there held, that if the contract provides that the builder is to do only a part of the work, or to furnish only a part of the materials, and refers to the specifications to determine what part, then the specifications are not only an essential part of the contract, but are necessary to give the notice contemplated by the statute. But where all the labor and all the materials are to be done and furnished by the builder, then the contract alone will give all the notice required by the statute, and that alone is sufficient to be filed. And although the contract may refer to the specifications, and declare that to be a part of it, yet, for the purpose of such notice, it is not an essential part not necessary to be filed with it. If placed on file, it could give no further notice than is given by the contract itself.

Such being the construction of that part of the mechanics' lien law which relates to filing of the lien claim, it remains only to inquire whether the case before us comes within the principles of the act and of its construction.

By the terms of the contract, the builder was to do all the work and to furnish all the materials, and it is not

necessary to refer to the specifications to ascertain what is to be done by him. They can give no more information than the contract which was on file.

The necessity of reference to the specifications is not increased by reason of the agreement to put in extra braces for an extra price—that is in the contract, and not in the specifications. It is extra work, but all to be done by the builder, and the lumber for it to be furnished by him.

Nor is the case changed by reason of any ambiguity in the terms by which the owners were to construct the foundation.

Whether the building was to be erected on a foundation which was finished at the time of executing the contract, or on one to be made and completed after its execution, does not affect the obligations of the builder, or change the liabilities of the owners, as to the work and materials for the other parts of the edifice.

This case comes directly within the principles adjudicated and before referred to.

The judgment of the court below was correct, and must be affirmed with costs.

VAN DYKE, J., concurred.